## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROSLIND BALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-3245** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW ORDER

Plaintiff Roslind Ball, proceeding *pro se* and incarcerated at Logan Correctional Center ("Logan"), files suit under 42 U.S.C. § 1983 alleging violations of her constitutional rights. This cause is before the Court for a merit review of Plaintiff's Complaint. (Doc. 1). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff files suit against twenty-nine Defendants, including the Illinois Department of Corrections ("IDOC"); former IDOC Acting Director Rob Jeffreys; current IDOC Acting Director Latoya Hughes; Wardens Marlo Butler-Jones and Jean Marie Case; Assistant Warden of Programs

1

Tiona Farrington; Assistant Wardens of Life Skills Araceli Cabarcus and Stephany Trejos; Assistant Wardens of Receiving and Classifications and Behavioral Health Kajanda Love and Michael Long; Assistant Warden of Program Impact Donna McGary; Assistant Warden of Operations Natasha Dillard; Health Care Unit Administrators Jicole Hickle, Lisa Johnson, and Shelby Russell; Doctors Celina Tsang, Bonnie Smith, Vidya Morisetty, Patricia Ristic, and Risha Fennell; Nurse Practitioners Carrie Alexander and Kaitlyn Tucker; Licensed Practical Nurses ("LPN") Stephanie Goff and Nerissa Beckett; Amanda Allen; Angie Durr; Nurse Kemper; Wexford Health Care Services; and Central Illinois Radiological Associates Ltd.

Plaintiff's Complaint consists of thirty handwritten pages, 121 paragraphs of allegations, and 101 pages of exhibits. Plaintiff's Complaint is more akin to a daily log or diary about her medical conditions and treatment between 2019 and 2022. This type of narrative fails to comply with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This Complaint is neither short nor plain and fails to provide effective notice of the claims potentially asserted against twenty-nine Defendants. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff Complaint includes allegations related to her treatment for breast cancer, a hysterectomy, and an allergic reaction to a medication administered in preparation for a colonoscopy. These allegations are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one

action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . .").

Plaintiff names many IDOC officials as Defendants, including Rob Jeffreys, Latoya Hughes, Marlo Butler-Jones, Jean Marie Case, Tiona Farrington, Araceli Cabarcus, Stephany Trejos, Kajanda Love, Michael Long, Donna McGary, Natasha Dillard, Jicole Hickle, Lisa Johnson, and Shelby Russell, but Plaintiff did not include any allegations related to these Defendants in her Complaint. Moreover, there is no *respondeat superior* liability under § 1983. In other words, Defendants cannot be liable based only on their status as the supervisor of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If state prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

In short, Plaintiff's Complaint does not provide the Court or the potential Defendants with adequate notice of her claims. Plaintiff's Compliant is dismissed as a violation of Federal Rule of

Civil Procedure 8. The Court will allow Plaintiff one opportunity to file an Amended Complaint clarifying her claims. Plaintiff's Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe.

**MOTION TO REQUEST COUNSEL**

Finally, Plaintiff filed a Motion to Request Counsel. (Doc. 5.) "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022). The Court finds that Plaintiff has demonstrated a reasonable attempt to obtain counsel. (Doc. 5 at pp. 6-18). Thus far, Plaintiff's pleadings are coherent and supported by accompanying exhibits. There is no indication that she has any physical or psychological condition that might impair her ability

4

to litigate the case herself. At this early stage of the litigation process, the Court finds that Plaintiff is competent to proceed *pro se*. Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is dismissed without prejudice as a violation of Federal Rule of Civil Procedure 8.

2) The Court will allow Plaintiff one opportunity to file an Amended Complaint clarifying her claims. Plaintiff must file her Amended Complaint within 30 days of this Order and follow the Court's directions concerning the information to provide in her Amended Complaint.

3) If Plaintiff fails to file her Amended Complaint within 30 days or fails to follow the Court's directions, her case will be dismissed.

4) Plaintiff's Motion to Request Counsel [5] is DENIED.

ENTERED:   1/8/2024

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge